1  EILEEN M. DECKER
   United States Attorney
2  LAWRENCE S. MIDDLETON
   Assistant United States Attorney
3  Chief, Criminal Division
   STEVEN R. WELK
4  Assistant United States Attorney
   Chief, Asset Forfeiture Section
5  FRANK D. KORTUM (Cal. Bar No. 110984)
   Assistant United States Attorney
6      1400 United States Courthouse
       312 North Spring Street
7      Los Angeles, California 90012
       Telephone: (213) 894-5710
8      Facsimile: (213) 894-7177
       E-mail:   Frank.Kortum@usdoj.gov
9
   Attorneys for Plaintiff
10 UNITED STATES OF AMERICA

11              UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                    EASTERN DIVISION

14 | UNITED STATES OF AMERICA, | No. EDCV 16-01166-DSF(KKx) |

15 |        Plaintiff, | **NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF** |

16 |             v. | **POINTS AND AUTHORITIES; DECLARATION OF FRANK D. KORTUM** |

17 | $15,000.00 IN U.S. CURRENCY, | **DATE: November 21, 2016** |

18 |        Defendant. | **TIME: 1:30 p.m.** **COURTROOM: 840** |

19 | DAVID SCOTESE | TRIAL DATE: Not set |

20 |        Claimant. | [Proposed] Statement of |

21 | | Uncontroverted Facts and Conclusions of Law Lodged |

22 | | Concurrently Herewith |

23

24        TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

25        PLEASE TAKE NOTICE that on November 21, 2016, plaintiff United

26 States of America (the "government") will and does move for Summary

27 Judgment.  The motion will be heard at 1:30 p.m. in Courtroom 840 of

28 the Roybal Federal Building, 255 East Temple Street, Los Angeles;

1  California, before the Hon. Dale S. Fischer, United States District
2  Judge.

3  　　　The government, by and through its undersigned counsel,
4  respectfully moves this Court to grant summary judgment in its favor
5  pursuant to Rule 56 of the Federal Rules of Civil Procedure on the
6  ground that the undisputed facts establish as a matter of law that
7  the Defendant currency constitutes proceeds of, or was otherwise
8  involved in, one or more transactions conducted in violation of 18
9  U.S.C. § 1960, and is therefore forfeitable pursuant to 18 U.S.C. §
10  981(a)(1)(A) and (C).  This motion is based on the attached
11  Memorandum of Points and Authorities, the Verified Complaint on file
12  in this case, the Proposed Statement of Uncontroverted Facts and
13  Conclusions of Law lodged concurrently herewith, and upon such other
14  and further arguments, documents and grounds as the Court may wish to
15  consider at the hearing on this motion.

16  //
17  //
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28

Because claimant is not represented by counsel the pre-motion meeting requirement of Local Rule 7-3 does not apply to this motion.[1] Nevertheless, in the interests of exploring the informal resolution of this motion, counsel for the government discussed the substance of this motion with claimant on October 3, 2016.

Dated: October 17, 2016                    Respectfully submitted,

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
Assistant United States Attorney
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

/s/ *Frank Kortum*
FRANK D. KORTUM
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

---

[1] Local Rule 7-3 requires counsel contemplating the filing of a motion to meet with "opposing counsel," which by definition excludes parties not represented by counsel.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF FACTS

This civil forfeiture action arises out of the seizure of $15,000 in currency by the United States Postal Inspection Service. For the purpose of this motion, the government summarizes the facts relating to the seizure of the currency in a footnote,[2] so that the

---

[2] On January 13, 2016, a USPIS Postal Inspector was monitoring parcels being processed through the Redlands Sorting Facility. The Postal Inspector selected one of the parcels for further examination. The label on the selected parcel indicated that the sender (Woodie Ochle) had mailed the parcel from Atlanta, Georgia and addressed it to David Scotese at an address in Murrieta, California.  The address information on the parcel's mailing label had been filled in by hand and the mailing charges had been paid in cash. Further investigation revealed that neither Ochle nor Scotese was associated with either of the addresses appearing on the parcel's mailing label.  A trained narcotics detection canine, "Chewy," alerted to the parcel, indicating that the parcel contained a controlled substance or had recently been in contact with a controlled substance.  Verified Complaint ¶ 8. Based on this evidence, a United States Magistrate Judge in this District issued a warrant on January 20, 2016, to search the parcel. The parcel, when opened, was found to contain three Priority Express Mail flat-rate envelopes.  The envelopes were "nested" (i.e., the first envelope contained the second envelope, which in turn contained the third envelope).  Within the inner-most envelope the Postal Inspector found three bundles of U.S. Currency, each of which had been wrapped with rubber bands.  Neither the parcel nor the envelopes contained a letter, note, or other written documentation.  The currency, when counted, totaled $15,000.00, consisting mainly of $20 bills (the defendant currency).  Verified Complaint ¶ 9.

It was subsequently learned that when Ochle mailed the parcel containing the defendant currency, he was a subject of a drug trafficking investigation.  The investigation led to Ochle's arrest in April of 2016 on drug-related charges in Florida.  The State of Florida subsequently charged Ochle with trafficking in controlled substances, including methamphetamine.  The criminal charges against Ochle remain pending.  Verified Complaint ¶ 10.

Based on the above evidence, the government filed a civil forfeiture complaint against the defendant currency on June 3, 2016. The complaint alleges that the defendant currency represents or is traceable to proceeds of illegal narcotics trafficking, or was intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841 et seq.

*CONTINUED ON NEXT PAGE*

Court may focus its attention on later-discovered evidence that supports summary judgment here.  Specifically, claimant Scotese has asserted that his interest in the defendant currency arose when he sent 32 Bitcoins (a form of virtual currency) to Woodie Ochle in exchange for the defendant currency.  Kortum Decl. ¶ 2 & Exh. "A" at p. 4:20-22 (response to Special Interrogatory No. 3).  Scotese has made statements about how to make money from bitcoins (id. ¶¶ 3-4 & Exhs. "B" (Requests for Admissions) & "C" (Response to Requests for Admissions ("RFA")),[3] and his web site profile states that "[d]ealing bitcoin supports my life and family."  See RFA Exh. "A".  In his verified response to the government's document production request, Scotese failed to provide any documents reflecting that he registered his bitcoin exchange business with the Financial Crimes Enforcement Network ("FinCEN") of the United States Treasury Department, and

---

and the defendant currency is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).  Verified Complaint ¶ 11.  Scotese served a claim that this Court (at the request of the government) deemed filed on July 11, 2016.  Dkt. 15.

   The government does not base this summary judgment motion on the allegation that the defendant currency is proceeds of a transaction in a controlled substance.  Ochle, the person who sent the defendant currency to Scotese, is still a defendant in the related criminal case referenced in the complaint.  Depending on how much progress is made in that case, it may be necessary to seek a stay of discovery to prevent Scotese from interfering with the criminal case by conducting discovery on issues such as whether Ochle was a drug dealer.  See 18 U.S.C. § 981(g)(requiring stay of civil forfeiture case if discovery would prejudice a pending criminal case).

[3]   The statements appear on Exhibit "A" to the Requests for Admissions (which are in turn attached hereto as Exhibit "B").  Scotese acknowledged that he made the statements and that they were accurate.  Exh. "C" (response to RFA Nos. 1-2).

1   affirmatively stated that "if I remember correctly, I have not made
2   any such registration."   Id. ¶ 5 & Exh. "D" at p.7:20-22.[4]

3       The statements Scotese made in discovery are significant because
4   pursuant to 18 U.S.C. § 1960, an exchanger of currency is required to
5   register as a Money Service Business ("MSB") with FinCEN.   Bitcoin is
6   a form of currency within the meaning of Section 1960.   United States
7   v. 50.44 Bitcoins, Civil Action No. ELH-15-3692, 2016 WL 3049166
8   at *1 (D. Md. May 31, 2016).   Bitcoin exchangers are "required to
9   register as a [MSB] with FinCEN."   Id.   Scotese has effectively
10  admitted in discovery that he has not registered his MSB with FinCEN.
11  Kortum Decl. ¶ 5 & Exh. "D" at p. 7:20-22.   The government has
12  accordingly moved for leave to amend its complaint to allege that
13  Scotese was not registered with FinCEN as the operator of an MSB
14  during a time when he was required to be registered.   Motion for
15  Leave to File Amended Complaint (Dkt. 21) Exh. "D" (copy of Proposed
16  First Amended Verified Complaint).   Based on the evidence described
17  in the preceding paragraphs, the government alleges in the Proposed
18  Amended Complaint that the defendant currency constitutes proceeds
19  of, or was otherwise involved in, one or more transactions conducted
20  in violation of 18 U.S.C. § 1960, and is therefore forfeitable
21  pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).   Id. Exh. "D" (¶ 13).

---

24      [4] Scotese himself has served (and the government has responded
25  to) 19 interrogatories and nine requests for admissions. Kortum Decl.
    ¶¶ 6-7 & Exhs. "E" & "F".   Several of Scotese's discovery requests
26  were offensive in nature and/or sought irrelevant information.   For
    example, Scotese's first interrogatory asked whether the government
27  "pay[s] the salaries of judges Dale S. Fischer and Kenly Kiya Kato."
    Kortum Decl. ¶ 6 & Exh. "E".

The government's motion for leave to file the amended complaint is scheduled to be heard on November 21, 2016.[5]

## II. THIS COURT SHOULD GRANT THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

### A. The Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) authorizes the granting of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The movant bears the initial burden of establishing "the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting former Fed. R. Civ. P. 56(c)).

To meet its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.  Nissan Fire and Marine Insurance Company, Ltd. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).

---

[5] A party may file a motion to amend a complaint and simultaneously file a motion for summary judgment based on the facts alleged in the proposed amended complaint.  For example, the plaintiff in Global Freight Systems Co. v. Al-Morrell Development, L.L.C., No. 1-14-cv-133-TC, 2016 WL 3620750 (D. Utah June 29, 2016), filed a motion to amend its complaint and simultaneously filed a motion for partial summary judgment (id. at *1) "based on the assumption that [the] request for leave to amend would be granted." Id. at *3.  The Global Freight Systems court ultimately granted both motions.  Id. at *8.

1  Documents produced in discovery and admissions made during discovery
2  will support a summary judgment motion.  Fed.R.Civ.P. 56(c)(1)(A)
3  ("materials in the record" that will support summary judgment include
4  "documents" and "admissions").[6]
5      Once the moving party meets its initial burden of showing there
6  is no genuine issue of material fact, the opposing party has the
7  burden of producing competent evidence and cannot rely on mere
8  allegations or denials in the pleadings.  Matsushita Electric
9  Industries Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
10 There is no genuine issue for trial where the record taken as a whole
11 could not lead a rational trier of fact to find for the nonmoving
12 party.
13    B.   The Burden of Proof
14    In a suit or action brought under "any civil forfeiture statute"
15 for the civil forfeiture of any property, "the burden of proof is on
16 the Government to establish, by a preponderance of the evidence that
17 the property is subject to forfeiture . . . ."  18 U.S.C. §
18 983(c)(1).  To satisfy its burden, the government may use evidence
19 "gathered after the filing of the complaint for forfeiture to
20 establish, by a preponderance of the evidence that property is
21 subject to forfeiture . . . ."  18 U.S.C. § 983(c)(2).

---

[6] Summary judgment is appropriate at this time because even though this litigation is at a relatively early stage, Scotese has already conducted extensive discovery.  Specifically, the government has already responded to 19 interrogatories and 10 requests for admission.  Kortum Decl. ¶¶ 6-7 & Exhs. "E" & "F".  The objectionable and offensive nature of much of Scotese's discovery (as discussed Note 4, supra) suggests that allowing him to conduct further discovery would serve no useful purpose.

8

1        **C.    The Defendant Currency Should Be Forfeited**

2        As indicated above, an exchanger of currency is required to

3    register as a Money Service Business with the Financial Crimes

4    Enforcement Network ("FinCEN") of the United States Treasury

5    Department.  18 U.S.C. § 1960.  Bitcoin is a form of currency within

6    the meaning of Section 1960.  50.44 Bitcoins, supra, 2016 WL 3049166

7    at *1.  Here, as discussed above, Scotese has made statements about

8    how to make money from bitcoins and has also stated that his bitcoin

9    exchange activities "support his life and family."  Kortum Decl. ¶ 3-

10   4 & Exhs. "B" & "C".  In addition, when given the opportunity to do

11   so, Scotese failed to produce documents that would establish that he

12   registered as a bitcoin exchanger with FinCEN (or any other

13   government agency).  Kortum Decl. ¶ 5 & Exh. "D".  Most

14   significantly, his affirmative statement that he has no recollection

15   of registering his bitcoin exchange with any government agency (Exh.

16   "D" at p. 7:20-22) constitutes an admission that he violated 18

17   U.S.C. § 1960.[7]  The defendant currency, as the proceeds of Scotese's

18   bitcoin-related transaction with Ochle, is therefore subject to

19   forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).  50.44 Bitcoins,

20   supra, 2106 WL 3049166 at *2.[8]  This Court should therefore grant the

21   government's motion for summary judgment.

22

23   [7] The government respectfully suggests that had Scotese in fact
     registered as a bitcoin exchanger with FinCEN he could have produced
24   documentary proof of that event, either in the form of registration
     documents that he submitted to FinCEN, or in the form of proof or
25   acknowledgement of registration that he would have received from
     FinCEN.

26   [8] 18 U.S.C. § 1960 is a "general intent crime for which a
     defendant is liable if he knowingly operates a money transmitting
27   business."  United States v. Dimitrov, 546 F.3d 409, 413 (7th Cir.
     2008).  The government therefore need not prove that Scotese "knew
28   about the federal registration requirements . . . ."  See id.

III. CONCLUSION

For the foregoing reasons, this Court should grant the government's motion for summary judgment.

Dated: October 17, 2016

Respectfully submitted,

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


        /s/ Frank Kortum
FRANK D. KORTUM
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA